On Application for Rehearing.
 

 PER CURIAM.
 

 After the Hibernia Mortgage Company filed a petition for a rehearing in this case, twenty or more lawyers and law firms, not representing any party to this suit, but representing in a general way several large corporations, such as banks, insurance companies and homestead associations, engaged in lending money on the security of mortgages on real estate, filed a brief as amici curiae; in which brief, the attorneys express some apprehension lest the opinion which we have rendered may be interpreted so as to make the decision go further than was necessary for a decision of this case. The attorneys do not complain of the decision itself. But they ask that we make it plain that we are not deciding in this case, one way or the other, whether a holder of a mortgage^ with a stipulation that the mortgagor shall not alienate or hypothecate the mortgaged property 'to the prejudice of the mortgagee, may protect himself in a situation like this by availing himself of the pact de non alienando; that
 
 *677
 
 is, by bringing an action quasi in rem, as by an executory proceeding against only the original mortgagor and the mortgaged property. Inasmuch as the holder of the mortgage in this case did not resort to a proceeding quasi in rem, or an executory proceeding against the original mortgagor and the mortgaged property, but proceeded by way of an ordinary suit against the original mortgagor and the corporation that had bought the mortgaged property and had assumed the mortgage debt, it was not necessary to decide whether the result would have been different if the mortgagee had resorted only to an action quasi in rem, or an executory proceeding only against the original mortgagor and the mortgaged property. That question, therefore, is left open for decision if and when a case is presented requiring a decision of the question.
 

 With this explanation the appellant’s application for a rehearing is denied.